# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

EXEGI PHARMA, LLC,

                Plaintiff,

v.

BROOKFIELD
PHARMACEUTICALS, LLC,

                Defendant.

Case No. 20-CV-192-JPS

**PERMANENT INJUNCTION**

Upon consideration of Defendant's motion for summary judgment, ECF No. 48; Plaintiff's motion for partial summary judgment, ECF No. 53; the Court's order granting in part and denying in part both motions issued contemporaneously herewith, ECF No. 101; and the record as a whole, the Court finds as follows:

1.     The Court has original jurisdiction over the claims in this matter arising under federal and Wisconsin trademark law pursuant to 28 U.S.C. §§ 1331, 1332, and 1367;

2.     Plaintiff prevailed in part on the merits of its claims under federal law for false advertising and under Wisconsin law for unfair competition;

3.     Plaintiff will suffer irreparable harm in the absence of injunctive relief;

4.     Plaintiff has no adequate remedy at law;

5.     Greater injury will be inflicted upon Plaintiff by the denial of injunctive relief than will be inflicted upon Defendant by the granting of such relief; and

6.      The issuance of injunctive relief will not disserve the public interest.

Accordingly,

**IT IS ORDERED** that Brookfield Pharmaceuticals, LLC ("Brookfield"), along with its agents, owners, managers, representatives, attorneys, directors, officers, employees, stockholders, affiliated corporations, related corporations, parent or subsidiary corporations, predecessors, successors and assigns, and the successors and assigns of any of the foregoing, immediately be enjoined from stating or suggesting in any communications directed at or readily accessible to (i) consumers or (ii) intermediaries in the chain of distribution of Brookfield products, including but not limited to drug compendia, wholesalers, retailers, pharmacies, physicians, and any person or entity acting on their behalf, with respect to the High Potency Probiotic ("HPP") product:

    a.      That HPP is the generic equivalent of Visbiome;

    b.      That HPP contains the same strains as Visbiome;

    c.      That HPP contains the same probiotic bacteria as Visbiome;

**IT IS FURTHER ORDERED** that within fourteen (14) days of entry of this injunction, Brookfield must send corrective letters to all (i) consumers and (ii) intermediaries in the chain of distribution of Brookfield products, including but not limited to drug compendia, wholesalers, retailers, pharmacies, physicians, and any person or entity acting on their behalf, to the extent such persons or entities have been the recipient of communications containing the above-listed prohibited statements, informing them of the following:

a.    HPP is not a generic equivalent of Visbiome;

b.    HPP does not contain the same strains as Visbiome;

c.    HPP does not contain the same probiotic bacteria as Visbiome; and

**IT IS FURTHER ORDERED** that copies of all corrective letters shall be provided promptly to counsel for ExeGi Pharma, LLC.

Dated at Milwaukee, Wisconsin, this 21st day of March, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge