# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

EXEGI PHARMA, LLC,

                     Plaintiff,

v.

BROOKFIELD PHARMACEUTICALS, LLC,

                     Defendant.

Case No. 20-CV-192-JPS

**CONSENT JUDGMENT**

**Decision by Court**. This action came on for consideration before the Court and a decision has been rendered. The Court having entered an Order on the motion for partial summary judgment filed by Plaintiff ExeGi Pharma, LLC ("ExeGi") and the motion for summary judgment filed by Defendant Brookfield Pharmaceuticals, LLC ("Brookfield") (ECF No. 101), and the parties having reached a settlement agreement to resolve this lawsuit, and having consented to the entry of this Consent Judgment without a full adjudication of Brookfield's liability prior to the entry of this Consent Judgment, and without this Consent Judgment constituting an admission by any party with respect to any issue of fact or law,

      **IT IS ORDERED AND ADJUDGED** that the parties' proposed final consent judgment, ECF No. 122, be and the same is hereby **ADOPTED**;

      **IT IS FURTHER ORDERED AND ADJUDGED** that Judgment is **ENTERED** by stipulation of the parties in favor of Plaintiff ExeGi against Defendant Brookfield on Count I of ExeGi's Complaint (False Advertising Under 15 U.S.C. § 1125(a));

      **IT IS FURTHER ORDERED AND ADJUDGED** that Judgment is **ENTERED** by stipulation of the parties in favor of Plaintiff ExeGi and against Defendant Brookfield on Count III of ExeGi's Complaint (Common Law Unfair Competition);

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Brookfield, along with its agents, owners, managers, representatives, attorneys, directors, officers, employees, stockholders, affiliated corporations, related corporations, parent or subsidiary corporations, predecessors, successors and assigns, and the successors and assigns of any of the foregoing, are **ENJOINED** from stating or suggesting in any communications directed at or readily accessible to (i) consumers or (ii) intermediaries in the chain of distribution of Brookfield products, including but not limited to drug compendia, wholesalers, retailers, pharmacies, physicians, and any person or entity acting on their behalf with respect to the High Potency Probiotic ("HPP") product:

   a. That HPP is the generic equivalent of Visbiome;

   b. That HPP contains the same strains as Visbiome; and

   c. That HPP contains the same probiotic bacteria as Visbiome;

**IT IS FURTHER ORDERED AND ADJUDGED** that based upon the stipulation and settlement agreement into which the parties have entered, except as to the above-referenced Permanent Injunction, Counts II (Unfair Competition Under 15 U.S.C. § 1125(a)), IV (Violation of Wisconsin Stat. § 100.18), and V (Tortious Interference with Prospective Contractual Relations) are hereby **DISMISSED with prejudice**, with each party to bear its own costs, attorneys' fees, and expenses; and

**IT IS FURTHER ORDERED AND ADJUDGED** that this action be and the same is hereby **TERMINATED**.

APPROVED:

_____
J.P. Stadtmueller
U.S. District Judge

GINA M. COLLETTI
Clerk of Court

March 20, 2024                           s/ *Jodi L. Malek*
Date                                     By: Deputy Clerk